J. S38009/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
                                      :          PENNSYLVANIA
                v.            :
                                      :
JASON ROBERT HALLETT,          :          No. 1287 EDA 2013
                                      :
               Appellant      :

Appeal from the PCRA Order, April 24, 2013,
in the Court of Common Pleas of Bucks County
Criminal Division at No. CP-09-CR-0001117-2012

BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND SHOGAN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:**FILED DECEMBER 17, 2014**

Appellant appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541 to 9546.  Finding no error, we affirm.

On May 14, 2012, appellant pleaded guilty to multiple counts of possession of a controlled substance (heroin) with intent to deliver, endangering the welfare of children, and corruption of a minor.  The endangerment/corruption convictions arose from the fact that appellant actively employed his two minor daughters in his heroin business.  At the conclusion of the guilty plea hearing, the court sentenced appellant to an aggregate term of 6 to 12 years' imprisonment.

On May 16, 2012, trial counsel, John Fioravanti, Jr., Esq., filed a motion for reconsideration of sentence.  At a hearing on the motion on

September 17, 2012, upon the advice of new counsel, Keith McAndrews, Esq., appellant withdrew the motion. New counsel advised appellant that since he actually wanted to challenge trial counsel's effectiveness, he should proceed pursuant to a PCRA petition.

On October 15, 2012, appellant timely filed a **pro se** PCRA petition. On January 16, 2013, the court appointed Stuart Wilder, Esq., as counsel for appellant. On March 14, 2013, appellant filed an amended, counseled PCRA petition. A hearing was held on April 11, 2013, and on April 25, 2013, the PCRA court denied appellant's petition. This timely appeal followed.

On appeal, we note that PCRA counsel has filed a "no-merit" brief and petition to withdraw pursuant to **Turner**-**Finley** practice. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**). We must first review whether counsel has met the requirements for permission to withdraw pursuant to **Turner**-**Finley**. Those requirements are:

> As set forth above, counsel has filed in this Court an Application to withdraw and an appellate brief. In **Commonwealth v. Pitts**, 603 Pa. 1, 981 A.2d 875 (2009), our Pennsylvania Supreme Court stated that
>
> > [i]ndependent review of the record by competent counsel is required before withdrawal is permitted. **Turner**, at 928 (citing **Pennsylvania v. Finley**, 481 U.S. 551, 558, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)). Such independent review requires proof of:

> 1) A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PC[R]A counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The PC[R]A court conducting its own independent review of the record; and
>
> 5) The PC[R]A court agreeing with counsel that the petition was meritless.
>
> *Pitts*, 981 A.2d at 876 n. 1 (quoting *Finley*, 550 A.2d at 215).

*Commonwealth v. Widgins*, 29 A.3d 816, 817-818 (Pa.Super. 2011).

Additionally, *Widgins* resurrected from *Commonwealth v. Friend*, 896 A.2d 607 (Pa.Super. 2006), the requirement that counsel must serve a copy of the petition to withdraw and no-merit brief on the PCRA petitioner, and inform the petitioner that if counsel is permitted to withdraw, the petitioner has the right to proceed *pro se* or with privately retained counsel. *Widgins*, 29 A.3d at 818.  We have reviewed counsel's motion to withdraw and no-merit brief and have found that they comport with these

requirements; thus, our only remaining task is to review appellant's issues to determine whether they have merit.

Appellant raises the following issues on appeal:

a. Counsel was ineffective under the Sixth and Fourteenth Amendments to the United States Constitution and Art. I, §9 of the Pennsylvania Constitution for failing to adequately consult with the Defendant following his sentencing about his post-sentence and appellate rights, and specifically about filing a motion to withdraw his guilty plea when he did not receive the sentence his lawyer promised him he would receive, i.e., three to six years incarceration, and the Court failed to advise him of his potential aggregate sentence; and

b. Counsel was ineffective under the Sixth and Fourteenth Amendments to the United States Constitution and Art I, §9 of the Pennsylvania Constitution for not filing a motion to withdraw the Defendant's guilty plea when he did not receive a sentence of three to six years, as counsel promised him he would, and the Court failed to advise him of his potential aggregate sentence; and

c. Post-sentence counsel was ineffective under the Sixth and Fourteenth Amendments to the United States Constitution and Art I, §9 of the Pennsylvania Constitution for advising the Defendant to withdraw his motion to reconsider or modify sentence, as Defendant could have used that vehicle to press his claim that the sentence imposed was unreasonable.

***Turner***-***Finley*** brief at 2-3.[1]

---

[1] The pages of the brief are unnumbered; this is by our count.

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id.***

Moreover, as appellant's issues on appeal are stated in terms of ineffective assistance of counsel, we also note that appellant is required to make the following showing in order to succeed with such a claim: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa.Super. 2010). The failure to satisfy any prong of this test will cause the entire claim to fail. ***Commonwealth v. Daniels***, 947 A.2d 795, 798 (Pa.Super. 2008). Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise. ***Commonwealth v. Pond***, 846 A.2d 699, 708 (Pa.Super. 2003).

In his first claim, appellant contends that counsel failed to adequately consult with him after sentencing regarding his appellate rights and about withdrawing his guilty plea. However, Attorney Fioravanti testified at the PCRA hearing that he met appellant in his holding cell on the morning of the

guilty plea and discussed with him the possibility of a guilty plea as well as appellant's appellate rights. (Notes of testimony, 4/11/14 at 55-56.) Attorney Fioravanti told appellant that following sentencing, it was very difficult to withdraw a guilty plea. (*Id.*) Attorney Fioravanti also stated that in the weeks prior to the plea, he discussed with appellant the possibility of pleading guilty, and appellant ultimately said he wanted to plead because he knew what the evidence was.[2] (*Id.* at 55.) Attorney Fioravanti testified that after the plea, appellant wrote him letters but never asked him to file a motion to withdraw the plea. (*Id.* at 58.) After the plea hearing, Attorney Fioravanti instead filed a motion to reconsider sentence upon appellant's request. (*Id.* at 57-58.)

At the PCRA hearing, appellant claimed that Attorney Fioravanti never discussed a guilty plea with him, essentially tricked appellant into signing off on the guilty plea, and that appellant was not even aware that he had pleaded guilty until he arrived at the state prison. (*Id.* at 2-8; 27-28.) In its opinion, the PCRA court specifically found appellant's account in this regard to be incredible. (PCRA court opinion, 11/19/13 at 13.) We note that we are bound by the credibility determinations of the court where they are supported by the record. ***Commonwealth v. Stewart***, 84 A.3d 701,

---

[2] The Commonwealth possessed a videotape which depicted appellant and one of his minor daughters participating during one of the heroin sales. (Notes of testimony, 5/14/12 at 20-21.)

711 (Pa.Super. 2013), *appeal denied*, 93 A.3d 463 (Pa. 2014). Consequently, we cannot accept appellant's account.

Moreover, during the guilty plea colloquy, the court explained in detail to appellant the impact of a guilty plea upon his appellate rights. (Notes of testimony, 5/14/12 at 7-8.) Finally, after imposing appellant's sentence, the court explained appellant's appellate rights to him. (*Id.* at 49.) Thus, even if counsel failed to properly advise appellant, he cannot meet the prejudice prong of the test for ineffectiveness because the trial court explained these matters to him. We find that trial/plea counsel was not ineffective in this regard.

Next, in the last part of his first issue and in his second issue, appellant claims that trial counsel was ineffective in failing to file a motion to withdraw his plea when appellant failed to receive the three to six-year sentence that counsel promised him he would receive.

At the PCRA hearing, appellant admitted that neither Attorney Fioravanti nor anybody else promised him what his sentence would be. (Notes of testimony, 4/11/14 at 10.) Attorney Fioravanti also testified that he did not promise appellant any sentence. (*Id.* at 56.) Attorney Fioravanti explained that the Commonwealth had made a three to six-year plea offer which appellant eventually rejected because he believed he could do better at trial. (*Id.* at 50-54.) Thus, appellant's underlying issue is without merit because he was never promised any particular

sentence, and there was, therefore, no reason to move to withdraw the plea on this basis. There is no ineffectiveness here.

In his final issue, appellant complains that Attorney McAndrews was ineffective in advising appellant to withdraw his motion for reconsideration of his sentence. Attorney McAndrews explained at the PCRA hearing that when he contacted appellant, appellant's main complaint was that he had a plea deal under which he was to receive a three to six-year sentence but had not received that sentence. (*Id.* at 33-36.) Attorney McAndrews further related that because the failure to receive a bargained sentence implicated Attorney Fioravanti's effectiveness, the PCRA was the proper vehicle to raise this claim. (*Id.* at 39-41.) It is well settled that issues pertaining to ineffective assistance of counsel should be raised on collateral review under the PCRA. *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002). We find that Attorney McAndrews had a valid strategic reason in advising appellant to withdraw the motion to reconsider sentence and instead pursue a PCRA petition. Appellant cannot satisfy the second prong of the test for ineffectiveness.

Finally, the PCRA court noted that at the time of sentencing the court remarked that "anything less than a 6-year sentence diminishes the seriousness of what happened." (PCRA court opinion, 11/19/13 at 14, quoting notes of testimony, 5/14/12 at 46.) Thus, the outcome of the motion to reconsider sentence would likely not have changed the sentence.

Appellant cannot meet the third prong of the test for ineffectiveness.  There is no merit to this issue.

Accordingly, having found no error in the issues raised on appeal, we will affirm the order below.

Order affirmed.  Counsel permitted to withdraw.


Shogan, J. joins the memorandum.

Bowes, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/2014